IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| WEYERHAEUSER COMPANY, a Washington corporation, )<br>)<br>)<br>Plaintiff,    )<br>)<br>vs.    )<br>)<br>INTERNATIONAL DAIRY QUEEN, INC., )<br>a Delaware corporation; WELLS DAIRY, )<br>INC., an Iowa corporation; and    )<br>CONSOLIDATED DISTRIBUTION    )<br>CORPORATION, a Colorado corporation, )<br>)<br>Defendants.    ) | Civil Case No. 06-728-KI<br><br>OPINION AND ORDER |

Jeffrey T. Sagalewicz
John F. Neupert
Miller Nash LLP
111 S.W. Fifth Avenue, Suite 3400
Portland, Oregon  97204

    Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Jeffrey S. Eden
Bullivant Houser Bailey, P.C.
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland, Oregon 97204

Rick Kubler
Charles K. Maier
Gray Plant Mooty Mooty & Bennett
500 IDS Center
80 South Eight Street
Minneapolis, MN 55402

David S. Mepham
Hoffman Hart & Wagner, LLP
1000 S.W. Broadway, 20th Floor
Portland, Oregon 97205

Eric A. Lindenauer
Garvey Schubert Barer
121 S.W. Morrison Street, 11th Floor
Portland, Oregon 97204-3141

  Attorneys for Defendants

KING, Judge:

  Plaintiff Weyerhaeuser seeks a declaration that it is not liable for damages defendants allegedly suffered due to Weyerhaeuser's ice cream cake boards. Before the court is a Motion to Dismiss or Transfer Venue (#27) filed by defendant Wells' Dairy, Inc. Defendants International Dairy Queen, Inc. (IDQ) and Consolidated Distribution Corporation (CDC) join in the motion. For the following reasons, the motion is granted and the case is dismissed without prejudice.

///

## BACKGROUND

Weyerhaeuser contracted with IDQ to supply cake boards to IDQ's distributors, Wells' Dairy and CDC. Weyerhaeuser formerly supplied defendants with wax-coated cake boards, but switched to varnished cake boards at IDQ's request. Weyerhaeuser claims that IDQ later advised that ink transfer was occurring from the new cake boards onto the cakes, as a result of a flash-freezing manufacturing process. Defendants have advised Weyerhaeuser that they have incurred damages due to the varnish-covered cake boards.

## LEGAL STANDARDS

An action seeking relief under the Declaratory Judgment Act must present an actual case or controversy and must fulfill statutory jurisdictional prerequisites. Under the Act, the case must present a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941). If it "passes constitutional and statutory muster," the district court must also determine that entertaining the action is appropriate because the Act gives the court permissive, rather than mandatory, authority. Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1222-23 (9th Cir. 1998). In determining whether to exercise its discretion, the court should consider the Brillhart factors. Brillhart v. Excess Ins. Co. of America, 316 US 491 (1942). Those factors include avoiding deciding issues of state law, discouraging forum shopping, and avoiding duplicative litigation. However, these factors "are not exhaustive." Government Employees Ins., 133 F.3d at 1225 n.5. Other factors include:

> the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a

Page 3 - OPINION AND ORDER

declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

Id. (internal quotation omitted).

## DISCUSSION

Wells' Dairy asks the court to decline to exercise jurisdiction over Weyerhaeuser's suit for declaratory relief.

I agree with Wells' Dairy and decline to exercise jurisdiction over this case. Declining federal jurisdiction eliminates any appearance of possible forum shopping on the part of Weyerhaeuser. Weyerhaeuser filed the action on May 18, 2006 when IDQ informed the company of damages on or about April 27, 2006, and Wells' Dairy informed the company of its damages on May 11, 2006. It appears from the timing that Weyerhaeuser filed this action preemptively in an attempt to avoid suit in the forum of the natural plaintiff's choice. I note that although Wells' Dairy has not yet filed suit in Iowa, the company's counsel filed a declaration stating that the company intends to bring suit against Weyerhaeuser in Iowa. Weyerhaeuser can make IDQ a third-party defendant in that action. There is no potential for duplicative litigation since IDQ's and CDC's counterclaims will also be dismissed by virtue of their joining Wells' Dairy's motion.

In the meantime, the varnish-covered cake boards are no longer being manufactured or used, and the parties are continuing to fulfill contractual obligations using the wax boards. There is no concern about the accrual of ongoing damages. While there was, at one point, a concern that the varnished cake boards would be destroyed, at oral argument Wells' Dairy reported that it does not intend to destroy the cake boards until after the parties have an opportunity to test them.

Since I decline to exercise jurisdiction over this case, I do not reach the alternative bases for Wells' Dairy's motion–dismiss for improper venue or transfer for convenience to the District of Iowa.

## CONCLUSION

For the foregoing reasons, I grant Wells' Dairy's Motion to Dismiss (#27) and dismiss the case without prejudice.

IT IS SO ORDERED.

Dated this   14th   day of November, 2006.

                                  /s/ Garr M. King
                                  Garr M. King
                                  United States District Judge